IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARIE ELAINE REYNOLDS and<br>THEODORE HARRIS, III,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION<br>d/b/a FEDEX EXPRESS,<br><br>    Defendant. | No. 09-2692-STA-cgc |

**ORDER DENYING PLAINTIFFS' MOTION TO STAY EXECUTION OF COSTS
PENDING APPEAL OR ALTERNATIVELY REVERSE THE AWARD OF COSTS
ENTERED BY THE CLERK OF COURT**

Before the Court is Plaintiffs Marie Elaine Reynolds and Theodore Harris, III's (collectively "Plaintiffs") Motion to Stay Order Taxing Costs or Alternatively Reverse the Award of Costs Entered by the Clerk of Court (D.E. # 104) filed March 11, 2013. Defendant Federal Express Corporation ("FedEx") filed a Response (D.E. # 105) on March 25, 2013. For the reasons given herein, the Court **DENIES** Plaintiffs' Motion.

## BACKGROUND

Plaintiffs commenced the instant case by filing a Complaint against FedEx on October 28, 2009, alleging violations of 42 U.S.C. § 1981, 42 U.S.C. § 2000e *et seq.*, and 29 U.S.C. § 201 *et seq*. (Compl. ¶ 39.) The Court entered an Order Granting Defendant's Motion to Reconsider on December 4, 2012, granting FedEx' Motions for Summary Judgment with respect to the sole claim still pending before the Court and directing the Clerk of Court to enter judgment

1

in favor of FedEx. (Order Grant. Def.'s Mot. to Recon. at 97, D.E. # 97.) Plaintiffs appealed the Court's grant of summary judgment on January 3, 2012. (Notice of Appeal, D.E. # 99.)

FedEx submitted a Bill of Costs to the Clerk of Court, requesting taxation of $7,753.81 in costs. (Bill of Costs, D.E. # 100.) The Clerk of Court held a hearing on March 7, 2013, at which Plaintiffs objected to $1,710.42 in fees resulting from mediation. (Order Taxing Costs at 2, D.E. # 103.) Holding 28 U.S.C. §1920 does not contemplate costs resulting from mediation, the Clerk of Court reduced FedEx' allowable recovery to $6,043.39 and entered an Order Taxing Costs on March 7, 2013. (*Id.*)

Plaintiffs filed the instant Motion on March 11, 2013. Plaintiffs request the Court stay the execution of costs pending appeal or, in the alternative, reverse the Clerk of Court's award of costs. The Court construes this as a motion to waive the requirement of a supersedeas bond under Rule 62(d), or in the alternative as an appeal of the Clerk of Court's award of costs under Rule 54(d)(1). Plaintiffs argue that this case presents an issue of first impression for the Sixth Circuit and that they are of modest means. FedEx contends it is entitled to its costs under the presumptions of Rule 54 and Plaintiffs have not rebutted this presumption nor have they demonstrated sufficient reason to waive the requirement of a supersedeas bond.

## **STANDARD OF REVIEW**

Rule 62(d) provides "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond[.] The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."[1] A party filing a supersedeas bond is entitled to a stay of enforcement of a money

---

[1] Fed. R. Civ. P. 62(d).

judgment as a matter of right.² "However 'the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion.'"³ When a Court in the Sixth Circuit reviews a request for a waiver of a supersedeas bond, a primary consideration is the likelihood the requesting party will retain the ability to pay the judgment through the pendency of any appeal.⁴

Federal Rule of Civil Procedure 54(d)(1) provides "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."⁵ Rule 54 further permits the party against whom costs are taxed to file objections to the clerk of court's order granting costs within seven days. Specific costs a prevailing party may recover include

> (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any party of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of paper necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.⁶

---

² *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citing *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) (citing *Am. Mfr. Mut. Ins. Co. v. Am. Broad. Paramount Theatres, Inc.*, 385 U.S. 931 (1966))).

³ *Id.* (quoting *Am. Pharm. Ass'n*, 636 F.2d at 759).

⁴ *See, e.g., Id.*; *Monks v. Long Term Disability Benefits Plan for Certain Hourly Emps. of Champion Int'l Corp. No. 703*, No. 1:08-cv-752, 2012 WL 1598294, at *3 (S.D. Ohio May 7, 2012) (considering other factors in denying waiver of supersedeas bond); *O'Callaghan v. SPX Corp.*, No. 2:09-cv-10196, 2010 WL 299497, at *1 (E.D. Mich. Jan. 20, 2010); *Hawthorne v. Lincoln Gen. Ins. Co.*, No. 08-12325, 2009 WL 1519055, at *1 (E.D. Mich. June 1, 2009).

⁵ Fed. R. Civ. P. 54(d)(1).

⁶ 28 U.S.C. § 1920.

On timely motion, a district court may review the clerk of court's order granting costs.[7] "The function of the court in the process of taxing costs is merely to review the determination of the clerk."[8] The party opposing the clerk's award of costs has the burden of persuading the court it was improper.[9] Although there is a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d), the a reviewing court may deny an award of costs in its discretion.[10] The Sixth Circuit identifies several factors that may be sufficient to deny a cost award, including: whether the prevailing party's taxable expenditures are unreasonably large, whether the prevailing party unnecessarily prolonged trial or forwarded unmeritorious arguments, or whether the prevailing party's recovery is so insignificant it amounts to a victory for the defendant.[11] Other factors, while in and of themselves insufficient, may, in tandem with other factors, weigh against the presumption of taxation of costs.[12] Such insufficient but colorable factors include the losing party's good faith in filing, prosecuting, or defending an action, and the propriety with which the losing party litigated the matter.[13] However, it is inappropriate to consider the ability of the prevailing party to pay its own costs.[14]

---

[7] Fed. R. Civ. P. 54(d)(1).

[8] *BDT Prods. v. Lexmark Int'l*, 405 F.3d 415, 417 (6th Cir. 2005) (quoting 10 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure: Civil 3d* § 2679 (1998)).

[9] *Weaver v. Toombs*, 948 F.2d 1004, 1014 (6th Cir. 1991); *see also* 10 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure: Civil 3d* § 2679 (1998).

[10] *Tuggles v. Leroy-Somer, Inc.*, 328 F. Supp. 2d 840, 841 (W.D. Tenn. 2004).

[11] *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 729 (6th Cir. 1986).

[12] *Id.*

[13] *Id.*

[14] *Id.* at 730.

## ANALYSIS

The Court finds a waiver of a supersedeas bond unwarranted on these facts. Plaintiffs make no showing they will maintain their ability to pay the Court's assessment of costs through their appeal. Instead, Plaintiffs assert they are "individuals of modest means."[15] Under such circumstances, the Court does not deem it proper to waive imposition of a supersedeas bond.

Likewise, the Court finds no error in the Clerk of Court's taxation of costs in this matter. Plaintiffs make no specific objection to the amount of the Clerk of Court's determination; rather, Plaintiffs rest their request to overturn the Clerk of Court's decision taxing costs on equitable considerations of the parties' relative abilities to pay and assertion of an argument presenting an issue of first impression for the Sixth Circuit. However, it is inappropriate for the Court to consider FedEx' ability to pay its own costs in relation to Plaintiffs' means. Further, that Plaintiffs asserted an argument that presents an issue of first impression helps to establish their good faith in filing and prosecuting this matter, but such good faith alone is not sufficient to overcome Rule 54's presumption in favor of taxation of costs.

## CONCLUSION

Because Plaintiffs have not shown they will be able to satisfy FedEx' cost award through the pendency of their appeal, and because Plaintiffs have not overcome Rule 54's presumption in favor of taxation of costs the Court **DENIES** their Motion to Stay Execution of Costs Pending Appeal or Alternatively Reverse the Award of Costs Entered by the Clerk of Court.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[15] Mem. in Sup't at 5, D.E. # 104-1.

Date: April 16, 2013.